*FREDERICK M. WHEELER AND MARVIN D. WHEELER, ADMINISTRATORS, ETC., RESPONDENTS, *v.* GILBERT SPENCER, APPELLANT.

*Statute of frauds — when the fact that a contract is invalid under, cannot be set up after its performance.*

The defendant having agreed with one Sands to draw and raft certain lumber for him from Sands' mills to Bordentown, at a specified rate per thousand feet, and being in need of supplies wherewith to perform his contract, it was agreed by and between Sands, the defendant, and one Wheeler, that the latter should furnish the defendant with such supplies as he might need and charge them in the first instance to him; that the lumber was to be sold or delivered to Wheeler, and that when the work was done there was to be a settlement, and that then the goods delivered to the defendant were to be charged over to Sands. The defendant performed his contract and the lumber was delivered and sold to Wheeler.

In an action by Wheeler against the defendant to recover the value of the goods furnished to him, *held*, that it was unnecessary to consider whether or not the original agreement was valid under the statute of frauds and could have been enforced if either of the parties had refused to perform it.

That as the defendant had never agreed to pay for the goods in money, but by work to be done for a third person, and as he had performed the agreement on his part, an action for the price of the goods could not be maintained against him.

* Decided November, 1880.

APPEAL from a judgment in favor of the plaintiffs entered upon the report of a referee.

*A. Taylor*, for the appellant.

*H. & W. J. Welsh*, for the respondents.

WESTBROOK, J.:

This is an appeal from a judgment entered upon the report of a referee in favor of the respondents, as plaintiffs, against the appellant, as defendant.

The action was for goods sold and delivered, and the referee has found the facts to be as follows: The defendant agreed with one Ezra Sands to draw and raft lumber for him (Sands) from Sands' mill to Bordentown, at the rate of three dollars and seventy-five cents per thousand feet. The defendant needing some supplies to do the work, applied to Sands therefor. Sands and the defendant then went to the store of Melvin Wheeler, since deceased, at Hancock, Delaware county, N. Y., and stated to him the agreement, and the need of defendant. It was then arranged between the three, that Wheeler should furnish the defendant with the goods he required, which were to be charged to him in the first instance; the lumber was either to be sold or delivered to Wheeler, and when the work was finished there was to be a settlement and the goods delivered to the defendant were to be charged over to Sands. The defendant performed his contract, the lumber was in fact delivered and sold to Wheeler, but the defendant is, by decision of the referee, adjudged to pay for the goods delivered to him by Wheeler, upon the ground that the agreement under which they were purchased was void by the statute of frauds.

It is not worth while to discuss the question whether the agreement between the parties was one capable of being enforced provided either had refused to fulfill. That question is not before us. No goods were sold and delivered to the defendant under an agreement to pay for the same in cash, but the same were furnished by the one and accepted by the other, with the understanding that the buyer was not to pay for them in money, but by work to be done for a third person, who in turn agreed to deliver to the seller, and

did deliver to such seller lumber out of which the payment of the goods was to be made. The goods can no more be compelled to be paid for in money, than a party, when a contract originally void by the statute of frauds, but fully executed and completed by both parties, can recover back money paid and accepted in execution thereof, upon the ground that the performance of the agreement could not have been enforced.

If, in answer to this argument, it be said that Wheeler and Sands made a new agreement by which, for a specific price, the former purchased the lumber of the latter and paid him therefor, the reply is clear. Good faith and common honesty required Wheeler to notify the defendant thereof, and not permit him to trade at the store on the faith of the original agreement. The defendant has brought no suit against either Wheeler or his estate, which makes it necessary to discuss the latter's liability upon his promise. Wheeler himself, in his lifetime, brought one against the defendant, which can only be sustained by showing that the party sued has failed to perform either an express or implied contract on his part; and the difficulty with the case of the plaintiff is, that the defendant has broken no promise either express or implied, because, as we have already said, his agreement was not to pay for the goods in cash, but to pay for them in work to be done for Sands, and having done precisely what he agreed to do, he cannot be compelled to do more.

The judgment should be reversed, a new trial granted and the order of reference discharged, with leave for either party to move at Special Term for the appointment of a new referee; costs to abide event.

LEARNED, P. J., and BOCKES, J., concurred

Judgment reversed; referee discharged; new trial granted; costs to abide event.